**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RADIUS BANK, | |
| Plaintiff, | Civil Action No. 20-1370 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| REVILLA & COMPANY, CPA'S, PC, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Radius Bank's ("Plaintiff" or "Radius") Motion for Default Judgment against Defendant Revilla & Company, CPA's, PC ("Defendant" or "Revilla"). (ECF No. 7.) Defendant has not filed an answer to the Complaint, any responsive motion, opposition to the instant motion, or otherwise appeared in this action. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Rule 78.1. For the reasons set forth herein, Plaintiff's Motion for Default Judgment is granted.

### I.     BACKGROUND

Plaintiff is a nationally chartered bank based in Massachusetts. (Compl. ¶ 1, ECF No. 1.) Plaintiff asserts that on December 8, 2016, "in consideration of a loan made by Plaintiff to [Defendant], [Defendant] executed a certain note [(the 'Note')] in which it promised to pay the sum of" $709,000. (*Id.* ¶ 6.) The terms of the Note required Defendant to pay principal and interest "in the sum of $7,871.35 every month, beginning on February 5, 2017," with payments "due on the fifth calendar day of each month thereafter." (*Id.* ¶ 7; *see also* Note 2, Ex. A to Compl., ECF

No. 1-1.) Furthermore, "for the repayment of the sums due under the Note," Plaintiff alleges that Defendant executed and delivered to Plaintiff a security agreement which granted a security interest in "all of Defendant's Accounts, Inventory, Equipment, Furniture, Fixtures, Tangible Property, General Intangibles, Chattel Paper[,] and Instruments[.]" (Compl. ¶¶ 15–16; *see generally* Security Agreement, Ex. B to Compl., ECF No. 1-2.)

According to Plaintiff, Defendant failed to make the required payment on September 5, 2019, thereby defaulting on the loan. (Compl. ¶ 8.) Plaintiff maintains that, as of October 20, 2019, Defendant owed Plaintiff "the principal balance of $571,426.79, plus interest in the sum of $9,369.84, late fees and other fees in the sum of $890.44 for a total balance of $581,687.07" as well as "interest thereon at the default rate of $117.42 per diem from and after October 20, 2019, plus attorneys' fees and all other applicable fees and sums due and owing pursuant to the Note." (*Id.* ¶ 14.)

On February 10, 2020, Plaintiff filed the instant three-count Complaint against Defendant, asserting claims for (1) breach of contract, (*id.* ¶¶ 18–22), and seeking (2) repossession of Defendant's collateral under the security agreement, (*id.* ¶¶ 23–25), and (3) attorneys' fees, (*id.* ¶¶ 26–28). On March 5, 2020, Plaintiff served Defendant with a copy of the Complaint and Summons pursuant to Federal Rule of Civil Procedure 4(h).[1] (Aff. of Service, ECF No. 4.) Defendant, however, has failed to answer Plaintiff's Complaint or otherwise appear in the matter. On August 13, 2020, the Clerk entered a default against Defendant. Plaintiff now moves for a default judgment.

## II.   **LEGAL STANDARD**

Rule 55 allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532,

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

2

535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "A consequence of the entry of a default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted); *see also Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) ("[D]efendants are deemed to have admitted the factual allegations of the [c]omplaint by virtue of their default, except those factual allegations related to the amount of damages."). Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Prior to entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." *Trs. of United Food & Com. Workers Union Loc. 312 Benefit Fund v. Meg Tackle Imps., Inc.*, No. 18-11715, 2019 WL 5064196, at *1 (D.N.J. Oct. 9, 2019) (quoting *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991)). Finally, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008) (citation omitted).

If these initial requirements are met, the Court must then consider three factors to determine whether entry of a default judgment is appropriate: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether [the] defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

3

## III. DISCUSSION

### A. Jurisdiction

As a threshold matter, the Court finds it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under Section 1332, district courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are of diverse citizenship. 28 U.S.C. § 1332(a). "[A] corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348.

Here, the amount in controversy requirement of Section 1332 is clearly satisfied, as the balance owed to Plaintiff by Defendant's breach of the loan and Note in question far exceeds $75,000. (*See* Compl. ¶ 14.) Section 1332's complete diversity of citizenship requirement has also been satisfied. Defendant, a New Jersey professional corporation with its principal place of business in New Jersey, is a citizen of New Jersey. (*Id.* ¶¶ 2–3; *see also* Cohen Certif. ¶ 16, ECF No. 7-1 (certifying that Defendant is a "professional corporation incorporated in the State of New Jersey").) Plaintiff, on the other hand, maintains its principal place of business in Massachusetts. (Compl. ¶ 1); *Liptok v. Bank of Am.*, 773 F. App'x 97, 100 (3d Cir. 2019) (citing 28 U.S.C. § 1348; *Wachovia*, 546 U.S. at 303, 306–07) (finding, for purposes of diversity jurisdiction, "Bank of America is a citizen of North Carolina, where it maintains its principal place of business"); *Bank of Am., N.A. v. Teicher*, No. 09-3068, 2010 WL 703176, at *1 (D.N.J. Feb. 23, 2010) (for purposes of diversity jurisdiction, the national banking association was a citizen of North Carolina, where it had its principal place of business); *see also Wachovia*, 546 U.S. at 317 n.9 ("The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in

4

almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.").

Defendant is also subject to the Court's personal jurisdiction. A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316–17 (3d Cir. 2007). General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924). Defendant, a New Jersey professional corporation with a New Jersey principal place of business, is "at home" in New Jersey and, therefore, subject to the Court's personal jurisdiction. The Court, accordingly, finds that it has jurisdiction over the instant matter.

### B. Service of Process

"Before the Court can enter default judgment, it must find that process was properly served on the [d]efendant." *Teamsters Pension Fund of Phila. and Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). On March 5, 2020, process was served upon Virgilio Revilla, Owner and President of Revilla and signatory of the Note in question. (Aff. of Service.; *see also* Note 6.) The Court, accordingly, finds that process was properly served upon Defendant's officer pursuant to Rule 4(h).

5

### C.     Legitimate Cause of Action

Next, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling*, 543 F. Supp. 2d at 365. Here, Plaintiff alleges breach of contract against Defendant for its failure to make the required payments of the Note. (Compl. ¶¶ 18–22.) To state a claim for breach of contract, a plaintiff must plausibly allege: (1) "that the parties entered into a contract containing certain terms"; (2) "that [the plaintiff] did what the contract required [it] to do"; (3) "that [the defendant] did not do what the contract required [it] to do, defined as a breach of contract"; and (4) "that [the defendant's] breach, or failure to do what the contract required, caused a loss to the plaintiff[]." *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (internal quotation marks and citation omitted).

On December 8, 2016, the parties entered into an agreement in which Plaintiff loaned Defendant $709,000. (Compl. ¶ 7; Note 1.) Under the agreement, Defendant was required to make payments of principal and interest every month. (Compl. ¶ 7; Note 2.) Despite providing Defendant with this loan, Plaintiff alleges Defendant failed to make the requisite principal and interest payment on September 5, 2019. (Compl. ¶ 8.) Plaintiff, accordingly, has established a legitimate breach of contract cause of action.

### D.     *Chamberlain* Factors

#### 1.     Prejudice to Plaintiff if Default is Denied

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate [its] claims.'" *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016) (quoting *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016)). Defendant failed to respond in any way in the instant matter and, thus,

Plaintiff will suffer prejudice if default judgment is denied. Accordingly, the first *Chamberlain* factor weighs in favor of entering default judgment against Defendant.

### 2. Whether Defendant has a Litigable Defense

A "defense[] will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869–70 (3d Cir. 1984). Here, Defendant failed to raise any defenses for the Court's consideration because Defendant failed to respond. *Vo*, 2016 WL 475313, at *3 (noting that "the Court cannot consider [d]efendant's defenses if any exist because [d]efendant failed to respond to this action"); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (stating that "because [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses"). Accordingly, the Court finds that the second *Chamberlain* factors weighs in favor of default judgment.

### 3. Whether Defendant's Delay is Due to Culpable Conduct

In considering whether a default was the result of a defendant's culpable conduct, the Court asks "whether [the defendant] acted willfully or in bad faith." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Here, despite having been served with the Complaint, Defendant failed to respond with any filing or submission to the Court. While Defendant's inaction "may not necessarily reflect bad faith, at the very least it reflects willful conduct." *DiPiazza*, 2016 WL 7015625, at *2. Thus, the final *Chamberlain* factor—like the two preceding factors—weighs in favor of an entry of default judgment.

### E. Damages

Having found that Plaintiff established a legitimate breach of contract cause of action and the *Chamberlain* factors weigh in favor of granting default judgment, the Court turns next to the

7

issue of damages. "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Chanel*, 558 F. Supp. 2d at 535–36

Here, in addition to the allegations contained in the Complaint, Plaintiff has submitted the Cohen Certification which states:

> there is a sum due and owing from Revilla to Radius in the principal balance of $571,426.79, plus accrued interest in the sum of $44,384.35, late fees and other miscellaneous fees in the sum of $890.44, less a credit for payment receive[d] from the Chapter 13 Trustee in the amount of $11,214.29, for a total balance of $605,487.29, together with interest thereon at the default rate of $117.42 per diem from August 17, 2020.

(Cohen Certif. ¶ 8.) Plaintiff, however, does not explain how it calculated interest or what the "late fees and other miscellaneous fees" entail. Nor does Plaintiff provide any additional "evidence of these damages, outside of [the] conclusory statement[s] in its certification." *Gen. Elec. Cap. Corp. v. Automated Digit. Consultants, Inc.*, No. 15-1682, 2017 WL 639630, at *3 (D.N.J. Feb. 15, 2017) (granting motion for default judgment where plaintiff (1) "submitted an itemized breakdown [for some] of its requested damages," but denying where it (2) failed to provide "any basis" for its demand for other costs and fees); *see also Provident Bank v. Hering*, No. 16-5174, 2018 WL 445431, at *3 (D.N.J. Jan. 16, 2018) (granting motion for default judgment where plaintiff "specifically documented" remaining principal, interest, repossession costs, late charges, and attorneys' fees); *Trs. of the B.A.C. Loc. 4 Pension & Annuity Funds v. C & C Ripoll Masonry, Inc.*, No. 15-119, 2016 WL 373946, at *2 (D.N.J. Jan. 29, 2016) (denying motion for default judgment where plaintiffs failed to explain how they calculated interest).

The Court, therefore, finds that Plaintiff has failed to adequately allege damages. Nevertheless, having found that Plaintiff satisfied all other requirements for default judgment, the

Court will grant its Motion contingent upon its filing of supplemental briefing detailing particularized damages.

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Default Judgment is granted. The Court will enter an Order to accompany this Memorandum Opinion

                                                **MICHAEL A. SHIPP**
                                                **UNITED STATES DISTRICT JUDGE**