UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RADIUS BANK,

               Plaintiff,

         v.

REVILLA & COMPANY, CPA'S, PC,

               Defendant.

Civil Action No. 20-1370 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on review of its docket. On March 2, 2021, the Court granted Plaintiff's Motion for Default Judgment and directed Plaintiff Radius Bank ("Plaintiff") to file supplemental correspondence substantiating its damages against Defendant Revilla & Company, CPA's, PC. ("Defendant"). *See Radius Bank v. Revilla & Co.*, No. 20-1370, 2021 WL 794558 (D.N.J. Mar. 2, 2021), ECF No. 9. Plaintiff replied on June 21, 2021, submitting an affidavit alleging that Defendant owes $612,973.64 plus interest, costs, and disbursements. (Fung Aff., ECF No. 12-1.) Plaintiff adequately substantiates its claim for the $612,973.64 (plus post-judgment interest from and after June 11, 2021) that it alleges Defendant owes, but it fails to substantiate its legal fees. *See Trucking Emps. of N. Jersey Welfare Fund v. Caliber Auto Transfer, Inc.*, No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) ("The district court must . . . ascertain the amount of damages with reasonable certainty." (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999))).

Plaintiff is entitled to $612,973.64 in damages. Plaintiff provides the following payoff letter that was sent to Defendant, which, along with the affidavit, supports its claim for damages:

The following is the loan payoff information as of <u>Friday, June 11, 2021</u>

| Payoff Date: 6/11/2021 | Accrued Interest/Day: 109.73 |
|---|---|
| Interest Paid to: 08/05/2019 | Current Interest Rate: 7.50% |
| | |
| Principal Balance | $ 534,035.10 |
| Accrued Interest (6/11/2021) | $ 74,289.40 |
| Late Fees & Misc Fees Owing | $ 3,304.14 |
| Satisfaction Fee | $ 200.00 |
| Legal Fees | $ 21,132.00 |
| Appraisals | $ 925.00 |
| Site Visits | $ 220.00 |
| | |
| Payoff Amount | $ 634,105.64 |

(Fung Aff. Ex. 1, ECF No. 12-2). Of these various categories of damages, Plaintiff provides sufficient proof to support its claims for all but its legal fees. (*See generally* Fung. Aff.) Specifically, the note agreement provides that Plaintiff may "[r]equire immediate payment" of the principal balance in the event of default, is entitled to interest, and may collect late fees. (*See* Compl. Ex. A, at 2-3, ECF No. 1-1.) Further, invoices dated November 5, 2019, and November 21, 2019, show that Plaintiff is entitled to $925.00 for appraisals. (Fung Aff. Ex. 2, at *2-3, ECF No. 12-3.)[1] Likewise, Plaintiff shows an invoice for site visits totaling $220.00 that is dated October 31, 2019. (*Id.* at *4.)

Plaintiff, however, has not submitted sufficient documentation to substantiate its legal fees. The Fung Affidavit asserts that Plaintiff is entitled to attorney's fees, but it fails to provide any analysis of the hours worked, hourly rate, or any other documentation to substantiate the reasonableness of the attorney's fees. (*See* Fung Aff. ¶ 9; *id.* Ex. 1); *Rode v. Dellarciprete*, 892

---

[1] Record citation pin-cites with an asterisk indicate the page number in the CM/ECF header.

F.2d 1177, 1183 (3d Cir. 1990) ("The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))); *Ramada Worldwide, Inc. v. Jay-Dharma, LLC*, No. 05-3311, 2006 WL 3041080, at *9 (D.N.J. Oct. 26, 2006) (holding that conclusory allegations of attorney's fees are insufficient and requiring "descriptive time entries from counsel's billing records"). The Court, therefore, will not award Plaintiff attorney's fees without further substantiation.

**IT IS THEREFORE**, on this 2nd day of November 2021, **ORDERED** as follows:

1. Judgment is entered in favor of Plaintiff Radius Bank against Defendant Revilla & Company, CPA's, PC in the amount of $612,973.64 plus post-judgment interest.

2. By **December 2, 2021**, Plaintiff shall submit additional documents and produce any other information substantiating its claim for attorney's fees and costs.

3. The Clerk shall administratively terminate this matter. Upon Plaintiff's supplemental filing, the Clerk shall reopen the matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE